**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NERSES MEGUERDITCHIAN, | No. 14-55468 |
| Plaintiff - Appellee, | D.C. No. 2:12-cv-10999-ODW-JC |
| v. | MEMORANDUM[*] |
| AETNA LIFE INSURANCE COMPANY and FEDERAL EXPRESS CORPORATION SHORT TERM DISABILITY PLAN, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued and Submitted March 10, 2016
Pasadena, California

Before:     MURPHY,[**] PAEZ, and NGUYEN, Circuit Judges.


Aetna Life Insurance Company ("Aetna") and Federal Express

Corporation Short Term Disability Plan (the "Plan") appeal the district

---

[*]     This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Michael R. Murphy, Senior Circuit Judge for the
U.S. Court of Appeals, Tenth Circuit, sitting by designation.

court's ruling that Aetna[1] abused its discretion when it denied as untimely Nerses Meguerditchian's claim for short-term disability benefits. We affirm the district court's ruling.

During the relevant period, Meguerditchian was employed by Federal Express Corporation ("FedEx") and was covered by the Plan. In addition to the Plan, FedEx has a Temporary Return to Work Program ("TRW Program") for employees injured on the job. Meguerditchian injured his back, participated in the TRW Program for the maximum ninety-day period, and then filed a claim for short-term disability ("STD") benefits. Aetna denied his claim as untimely.

After his administrative appeal was denied, Meguerditchian brought this civil action challenging Aetna's decision. *See* 29 U.S.C. § 1132(a) (permitting a plan participant to bring a civil action to recover benefits or enjoin any practice which violates ERISA or the terms of the plan). The district court concluded the summary plan description ("SPD") did not adequately inform Meguerditchian that he was required to submit his claim to Aetna within sixty days of his injury as opposed to sixty days after he ceased participating in the TRW Program. *See* 29 U.S.C. § 1022(a)

---

[1] Aetna is the claims-paying administrator of the Plan.

-2-

(requiring SPDs to contain specific information and be "written in a manner calculated to be understood by the average plan participant"). The court remanded the matter to Aetna for a decision on the merits of Meguerditchian's STD claim.

Having reviewed the administrative record[2] and considered the arguments of the parties, this court finds no reversible error in the district court's analysis. The SPD provided to Meguerditchian states that an employee is considered disabled if a physical or mental illness prevents him from "doing [his] job." The SPD does not inform an employee that his "job" is his "regular occupation." A plan participant could reasonably believe he is continuing to do his job while he participates in FedEx's TRW Program. Because the SPD does not adequately inform plan participants of the time limit for filing an STD claim, Aetna abused its discretion when it denied Meguerditchian's claim as untimely.

---

[2] The district court did not abuse its discretion by refusing to consider documents outside the administrative record. "[I]n general, a district court may review only the administrative record when considering whether the plan administrator abused its discretion . . . ." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006) (en banc). Meguerditchian's claim involves a substantive violation of ERISA, not a procedural violation. Thus, the exception permitting a district court to consider evidence outside the administrative record "[w]hen a plan administrator has failed to follow a procedural requirement of ERISA" is not applicable. *Id.* at 972-73.

**AFFIRMED.**